# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SENECA INSURANCE COMPANY INC, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-12-0141-HE |
| WESTERN CLAIMS INC., ET AL., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Seneca Insurance Company Inc. brought this action against defendants Western Claims, Inc. and Lou Barbaro. Plaintiff claims defendants were negligent in adjusting an insurance claim on its behalf and that such negligence caused plaintiff to pay damages to its insured (in the form of a settlement) in an amount in excess of what it owed under the terms of the applicable insurance policy. Presently at-issue before the court is defendants' motion for judgment on the pleadings on the basis that plaintiff cannot state a claim against them under Oklahoma law. When analyzing a motion for judgment on the pleadings under Rule 12(c), the court accepts all well-pleaded factual allegations in the pleadings as true and construes them in favor of the non-moving party. *See* Morris v. City of Colo. Springs, 666 F.3d 654, 660 (10th Cir. 2012). Applying this legal standard to present dispute, the court concludes the motion should be denied.

As plaintiff clarifies in its response to the present motion, its claim here is for indemnity. "Indemnity is a right possessed by one who discharges a duty owed by that party, but which, as between that party and another, should have been discharged by the other." Thomas v. E-Z Mart Stores, Inc., 102 P.3d 133, 139 (Okla. 2004). Indemnity may be either

contractual or implied, but either way the right to indemnity requires a sufficient legal relationship between the parties.  *See* Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc., 784 P.2d 52, 54-55 (Okla. 1989).

The complaint alleges that the defendants were independent adjusters retained by the plaintiff to investigate a particular claim.[1]  An insurance adjuster is a special agent of the insurer.[2]  46A C.J.S. *Insurance* § 1876 (2007); *see also* Wathor v. Mut. Assur. Adm'rs, Inc., 87 P.3d 559, 563-64, n.6 (Okla. 2004) (noting that "adjusters, claims representatives, investigators employed by the insurer, and perhaps attorneys employed by the insurer" are agents of the insurer).  As such, an adjuster owes a duty to the insurer to exercise reasonable care, skill, and diligence when acting on the insurer's behalf.[3]  46A C.J.S. *Insurance* § 1876; *see also* Restatement (Second) of Agency § 379(1) (1958).  Therefore, an insurer can seek indemnity from an adjuster for any liability caused by the adjuster's negligence in adjusting a claim.  46A C.J.S. *Insurance* § 1876; *cf* Washington v. Mechs. & Traders Ins. Co., 50 P.2d 621, 624 (Okla. 1935) ("An agent in the discharge of his duties as such must exercise ordinary care, and for negligence in failing to do so he will be liable to his principal." (quotation omitted)).

---

[1]*The complaint alleges that defendant Barbaro was acting within the scope of his employment for defendant Western Claims, Inc. when adjusting the claim at issue.*

[2]*"A special agent is an agent authorized to conduct a single transaction or a series of transactions not involving continuity of service." Restatement (Second) of Agency § 3(2) (1958).*

[3]*As defendants point out, it does not appear to matter whether an adjuster is an employee of the insurer or an independent contractor for purposes of the legal duty owed to the insurer in this context.*

Defendants rely on Guideone American Ins. Co. v. Shores Ins. Agency, Inc., 259 P.3d 864 (Okla. Civ. App. 2011) in arguing otherwise. In that case, the Oklahoma court of appeals affirmed the trial court's order granting summary judgment in favor of the defendant adjusting agency on the insurer's claim for indemnity. The relevant issue in that case was whether there was a material dispute of fact as to whether the insurer "was fault-free with regard to the liability for which it [sought] indemnification." *Id.* at 868. After examining the record, the court concluded it was undisputed that the insurer was itself negligent in handling that claim, irrespective of the adjuster's alleged negligence. *See id.* at 869. Therefore, according to that court, summary judgment was appropriate on the basis that indemnity is not available to one whose affirmative negligence caused the liability for which indemnity is sought. *See generally id.* at 868-69. Assuming for present purposes that Guideone accurately states Oklahoma law on the subject, it is distinguishable because of its procedural posture.

Defendants also contend that because the basis for plaintiff's excess liability to its insured was non-delegable, plaintiff cannot now seek indemnity from the defendants. It is true that the duty of good faith and fair dealing an insurer owes to its insured is non-delegable. *See* Timmons v. Royal Globe Ins. Co., 653 P.2d 907, 914 (Okla. 1982). This means that as between an insurer and its insured, it is no defense for the insurer to say that it delegated a particular responsibility to an independent contractor. *See generally id.* However, it does not follow that the insurer cannot seek indemnity from an independent contractor if such contractor's negligence caused the insurer's bad-faith liability. Although

3

the insurer is ultimately responsible to its insured for its actions and those of its agents (whether employees or independent contractors), that is not a license for the insurer's agents to fail to exercise appropriate care and diligence in performing their duties for the insurer.

Considering only the pleadings—as Rule 12(d) requires—the plaintiff has stated a viable claim against the defendants. Defendants' arguments that the plaintiff is precluded from recovering by its own negligence is not properly before the court at the present posture of the case. Accordingly, defendants' motion for judgment on the pleadings [Doc. #15] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of July, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE