# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SENECA INSURANCE COMPANY, INC., a foreign corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-12-0141-HE |
| WESTERN CLAIMS, INC., a for profit Oklahoma corporation; and LOU BARBARO, individually and as agent and employee of Western Claims, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Seneca Insurance Company, Inc. ("Seneca"), sued defendants Western Claims Inc. ("Western") and Lou Barbaro, seeking indemnity for certain amounts paid by Seneca to settle an insurance claim. Seneca hired Western and Barbaro to investigate a March 2009 hail damage claim submitted by an insured non-party. Seneca alleges that Western and Barbaro acted negligently in the handling of that claim. Seneca's insured brought suit against Seneca, Western and Barbaro in Oklahoma state court. Western and Barbaro were eventually dismissed from that lawsuit, and the remaining claims against Seneca were settled. Seneca now seeks to recover the amount it was required to pay to settle the case in excess of the contractual amounts due under the insurance policy. It also seeks to recover its costs of defense in the state case. Defendants have moved for summary judgment.

Summary judgment is appropriate only when "there is no genuine issue as to any

1

material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the plaintiff, the nonmoving party. Davidson v. Am. Online, Inc., 337 F.3d 1179, 1182 (10th Cir. 2003). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir.1998) (internal quotation omitted), the court concludes the defendants' motion should be denied.

Plaintiff seeks to recover based on an indemnity theory. Under Oklahoma law, which the parties agree applies here, an obligation to indemnify may arise either from a contract between the parties or from a non-contractual, implied right of indemnity. *See* Guideone Am. Ins. Co., Inc. v. Shore Ins. Agency Inc., 259 P.3d 864, 867-69 (Okla. Civ. App. 2011). Neither party suggests there was any express indemnity agreement that would control the present dispute, so plaintiff's claim here is based on an implied right of indemnification.

"The general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc., 784 P.2d 52, 54 (Okla. 1989). "No right of indemnity exists between joint tortfeasors, however." Guideone at 868 (citing Caterpillar Inc. v. Trinity Indus., Inc., 134 P.3d 881, 886 (Okla. Civ. App. 2005)). "The right exists when one who is only constructively liable to the injured party and is in no manner responsible for the harm is compelled to pay damages for the tortious act of another." Caterpillar at 886.

2

Defendants argue that the undisputed facts show plaintiff to have been at least partially responsible for the actions giving rise to its extra-contractual exposure to its insured. Because indemnity is only available to one without fault, they argue, Seneca cannot recover. The present motion therefore turns on the question of whether it is undisputed that Seneca was itself (as between Seneca and defendants) partly at fault for the liability-causing actions.

The court concludes the answer to that question is not undisputed and that material questions of fact preclude the granting of the motion. Viewing the evidence in the light most favorable to Seneca, the non-movant, there is evidence that its challenged actions were attributable to the reports and other efforts of Western/Barbaro. There is, to be sure, evidence that Seneca was also negligent, or acted wrongfully, separate and apart from anything defendants did. Defendants rely on opinions of Seneca's counsel suggesting that particular actions, such as the non-timely payment of non-disputed amounts,[1] were in bad faith or evidence of bad faith. However, the lawyers' opinions are not binding on the court, even if they were susceptible of only a single inference, and there is evidence from which a jury might conclude the challenged actions were attributable to defendants.[2]

Defendants argue that <u>Guideone</u> is controlling and compels granting their motion.

---

[1]*Defendants' double-negative description of the alleged facts as to the undisputed amount issue (defendants' UMF 37) is a bit awkward, but the underlying referenced testimony supports an inference that plaintiff's actions as to the payment were the result of defendants' actions.*

[2]*To the extent that defendant's argue Seneca's settlement of the case was itself evidence of fault [Doc. #63, pg. 11], Oklahoma law is to the contrary. "Under Oklahoma law, a claim of indemnity is not barred merely because a party has an interest in settling."* <u>Caterpillar</u> *at 886 (citing* <u>Porter v. Norton-Stuart Pontiac-Cadillac of Enid</u>*, 405 P.2d 109, 114 (Okla. 1965)).*

However, the circumstances in <u>Guideone</u>, while similar to those here, were different in at least one important respect. There, the insurance company seeking indemnity admitted it was at fault and the court concluded, based on the admission and other evidence, that it was undisputed that the insurer's own acts caused the relevant injury. <u>Guideone</u> at 869. Here, there is evidence to the contrary.

Material questions of fact exist as to whether Seneca's own conduct contributed to the extra-contractual exposure resolved by the settlement. Defendants' motion for summary judgment [Doc. #63] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE